1  **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sara K. Roll, an individual, | No. CV-10-00701-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| City of Phoenix; City of Phoenix Police Department; Douglas A. Edwards and Deborah E. Edwards, | |
| Defendants. | |

## I.   Background

Plaintiff Sara Roll filed a complaint against Defendants City of Phoenix, City of Phoenix Police Department, Douglas Edwards (a Phoenix police officer), and Deborah Edwards. Doc. 1. Plaintiff's complaint alleges facts as follows: On May 8, 2009, Officer Edwards, acting in the course and scope of his employment as an agent of Defendants City of Phoenix Police Department and City of Phoenix, illegally trespassed into the home of Plaintiff. *Id.* at 4. Officer Edwards entered Plaintiff's home through the front window with his gun drawn in order to resolve a civil dispute between Plaintiff and a taxi driver. *Id.* After gaining entry to the home, Officer Edwards verbally and physically assaulted Plaintiff, gave $30 of Plaintiff's money to the taxi driver, and instructed two other police officers to hide his conduct. *Id.* at 4-6.

Under a fair reading of her complaint, Plaintiff alleges claims for negligence and gross negligence against all Defendants and five other claims against Officer Edwards and his

spouse: (1) civil rights violation under 42 U.S.C. § 1983, (2) assault and battery, (3) false imprisonment, (4) intentional infliction of emotional distress ("IIED"), and (5) conversion. *Id.* at 6-9. Plaintiff seeks compensatory, special, and punitive damages. *Id.* at 9.

Defendants have filed a motion to dismiss certain claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Doc. 17. The motion is fully briefed. Doc. 20, 21. For the reasons stated below, the Court will grant the motion in part and deny it in part.

## II. Rule 12(b)(6) Standard.

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the factual allegations "'are taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

## III. Analysis.

Defendants have moved to dismiss the claims against them on the following grounds: (1) the Phoenix Police Department is a non-jural entity not subject to suit, (2) Plaintiff failed to comply with A.R.S. § 12-821.01(A), Arizona's notice of claim statute, as required to maintain state law claims against Officer Edwards, (3) Plaintiff failed to state a claim under 42 U.S.C. § 1983 insofar as she alleges violations of the Fifth, Eighth, and Fourteenth

---

[1] Defendants' request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Lake at Las Vegas Investors Group, Inc. V. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

Amendments, (4) pursuant to A.R.S. § 12-820.05(B), the City is not liable for losses arising out of and directly attributable to Officer Edwards's alleged felonious conduct, and (5) Plaintiff has failed to state a valid claim for IIED. The Court will address each argument below.

### A. The Claims Against the Phoenix Police Department.

Plaintiff agrees that the Phoenix Police Department is a non-jural entity. Doc. 20 at 2. The Court will dismiss all claims asserted against the Police Department.

### B. The State Law Claims Against Officer Edwards.

Defendants have moved to dismiss the state law claims asserted against Officer Edwards on the ground that Plaintiff has failed to comply with A.R.S. § 12-821.01(A), Arizona's notice of claim statute. Doc. 17 at 4-5. Defendants argue that Plaintiff was required to file a notice of claim with Officer Edwards on or before November 4, 2009, and that her failure to comply with the notice of claim statute bars her state law claims. *Id.* Defendants argue that Plaintiff's filing of the notice of claim with the Phoenix city clerk was insufficient because Officer Edwards never authorized the clerk to accept service of process on his behalf and there is no Arizona statute or Phoenix ordinance appointing the clerk as an agent to accept service on behalf of individual city employees. *Id.* at 5-7. Defendants offer declarations of Officer Edwards and Special Deputy City Clerk Richard St. George in support of their position that Officer Edwards was never served with Plaintiff's notice of claim personally or by mail, and that the city clerk was never authorized by Officer Edwards to accept service on his behalf. Doc. 17, 21.

Plaintiff contends that Defendant's motion must be treated as a motion for summary judgment because the motion requires the Court to consider Officer Edwards's declaration, a matter outside the pleadings. Doc. 20 at 2. Plaintiff argues that if the Court treats Defendants' motion as a motion for summary judgment, it must allow time for discovery necessary to refute the motion. *Id.* at 3.

The Court agrees that Defendants' motion presents matters outside of the pleadings, which is prohibited in a Rule 12(b)(6) motion. *See* Fed. Rs. Civ. P. 7(a), 12(d); *see also Hal*

*Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The Court will treat Defendants' motion as a motion for summary judgment under Rule 56 and deny it without prejudice to refiling after the close of discovery. *See* Fed. Rs. Civ. P. 12(d), 56(f)(2).

### C. The § 1983 Claim.

Plaintiff agrees that she has alleged no violations of the Fifth, Eighth, and Fourteenth Amendments. Doc. 20 at 5. The Court will grant Defendants' motion to dismiss in this regard.

### D. The Claims Arising from Felonious Conduct.

Defendants have moved to dismiss the claims of assault and battery, false imprisonment, and IIED to the extent they are asserted against the City on the grounds that they are premised on "losses that arise out of and are directly attributable to an act or omission determined by a court to be a criminal felony by a public employee," and, under A.R.S. § 12-820.05(B), the City is not liable for such losses "unless [it] knew of the public employee's propensity for that action." Doc. 17 at 9. Defendants argue that the claims all arise from conduct of Officer Edwards that would, if proven to be true, constitute the felonies of aggravated assault and unlawful imprisonment. *Id.* at 9-12; *see* A.R.S. §§ 13-1203, 13-1204, 13-1303.

Plaintiff agrees that the alleged misconduct on the part of Officer Edwards was felonious and does not otherwise oppose Defendants' argument. Doc. 20 at 5. The Court will dismiss the claims of assault and battery, false imprisonment, and IIED to the extent that they were pled against Defendant City of Phoenix.

### E. The Claim for Intentional Infliction of Emotional Distress.

Defendants argue that the complaint fails to state a claim for IIED because it does not allege that Plaintiff suffered severe emotional distress - an essential element of the claim. Doc. 17 at 13. Plaintiff argues that the complaint states a claim for IIED because all that is required to state such a claim "is an allegation of extreme and outrageous conduct disregarding the near certainty that such distress would result from that conduct," citing

*Johnson v. McDonald*, 197 Ariz. 155, 3 P.3d 1075 (Ariz. App. 1999). Doc. 20 at 5. Plaintiff further argues that damages for IIED may often be presumed based on conduct alleged in the complaint. *Id.* Plaintiff also asks for leave to amend her complaint should Defendant's motion to dismiss her IIED claim be granted. *Id.* at 5-6.

A claim for IIED has three elements: extreme and outrageous conduct by the defendant, defendant's intent to cause emotional distress or reckless disregard of the near certainty that such distress will result from the conduct, and *resulting severe emotional distress*. *See Wallace v. Casa Grande Union High School Dist.*, 184 Ariz. 419, 428, 909 P.2d 486, 495 (App. 1995); *Ford v. Revlon*, 153 Ariz. 38, 43, 734 P.2d 580, 585 (1987). The Court may not assume that the plaintiff can prove facts different from those alleged in the complaint. *See Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005). Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998); *see also Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted).

Here, the complaint does not contain even a conclusory allegation that Plaintiff suffered severe emotional distress from the alleged outrageous conduct. Because Plaintiff has failed to allege an essential element of the IIED claim, the Court will grant Defendants' motion to dismiss that claim. *See Wallace v. Casa Grande Union High School Dist.*, 184 Ariz. 419, 428, 909 P.2d 486, 495 (App. 1995); *Ford v. Revlon*, 153 Ariz. 38, 43, 734 P.2d 580, 585 (1987).

Pursuant to Rule 15(a)(2), and in the interest of justice, the Court will grant Plaintiff leave to amend the IIED claim. Plaintiff shall file her amended complaint by August 6, 2010.

**IT IS ORDERED:**

1. Defendants' motion to dismiss certain claims (Doc. 17) is **granted in part** and

1. **denied in part**. The motion is granted with respect to all claims against City of Phoenix Police Department. The 42 U.S.C. § 1983 claim is dismissed insofar as it alleges violations of the Fifth Amendment, Eighth Amendment, and the Equal Protection Clause of the Fourteenth Amendment. The assault and battery, false imprisonment, and intentional infliction of emotional distress claims are dismissed to the extent they were pled against Defendant City of Phoenix. The claim of intentional infliction of emotional distress is dismissed in its entirety for failure to state a claim. The motion is denied with respect to all state law claims against Officer Edwards.

2. Plaintiff's request for leave to amend (Doc. 20 at 5-6) is **granted**. Plaintiff shall have until **August 6, 2010** to file an amended complaint consistent with this order.

3. The Court will set a case management conference by separate order.

DATED this 22nd day of July, 2010.

_David G. Campbell_
David G. Campbell
United States District Judge